UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN CARY,

       Plaintiff,                        Civil Action No. 2:18-CV-10918
v.                                           HONORABLE TERRENCE G. BERG

OFFICER CROOMS, et. al.,

       Defendants,
_____/

**OPINION AND ORDER DISMISSING COUNT THREE OF THE COMPLAINT AND ORDERING THE U.S. MARSHAL TO SERVE THE COMPLAINT ON THE REMAINING DEFENDANT**

## I. Introduction

Before the Court is Plaintiff Bryan Cary's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. The Court has reviewed the complaint and now **DISMISSES IT IN PART.** The Court further **ORDERS** that the complaint be served by the United States Marshals Service upon defendant Officer Crooms.

## II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:

1

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

## III. Complaint

Plaintiff claims that he is a Native American. The following allegations are contained in the Complaint. On November 14, 2017, Officer Crooms, a corrections officer at the Cooper Street Correctional Facility where plaintiff is incarcerated, entered plaintiff's cell to search it. Plaintiff's medicine bag, which he uses to practice his Native American religion, was on his desk. The medicine bag contains sacred herbs and is itself considered sacred by plaintiff. The herbs are allegedly used for prayer, offerings and other religious purposes. Plaintiff asked Officer Crooms not to touch the bag and offered to show the officer the proper way to search the bag, so as to not desecrate it. Officer Crooms went ahead and searched the cell. When plaintiff reentered his cell, he discovered that sacred herbs that had been inside the medicine bag were all over his desk and the bag was missing. Plaintiff approached Officer Crooms to ask him about the whereabouts of his medicine bag. Crooms allegedly replied "Don't fucking check me!" Plaintiff again asked what happened to the medicine bag. Officer Crooms threatened to send him to "the hole" (i.e. segregation). Officer Crooms and plaintiff continued to argue before plaintiff went to speak to a sergeant about the issue. Plaintiff subsequently observed Officer Crooms through the glass wall of a back room taking the medicine bag out of his pocket and removing the remaining herbs. Plaintiff confronted Officer Crooms about this and informed him that he would now have to throw away the medicine bag.

Officer Crooms called an unnamed sergeant and "falsely" told him that plaintiff had "run up" on him while Crooms was inside of the cell conducting the search. The sergeant placed plaintiff in segregation for a couple of hours.

On November 15, 2017, plaintiff filed a grievance on "the situation." On November 17, 2017, plaintiff claims that Officer Crooms issued a "false ticket" against him for insolence. Plaintiff asked Officer Crooms why he issued this ticket and Crooms allegedly replied "You wrote a grievance on me, what did you expect?"

On November 17, 2017, defendant Sergeant Winters reviewed the insolence ticket and told plaintiff he could accept 15 days L.O.P. (loss of privileges) or fight it and receive thirty days. Out of fear of receiving a harsher punishment, plaintiff was able to get the punishment reduced to seven days L.O.P. Plaintiff filed an appeal to Deputy Warden Smith, who denied it, finding that plaintiff was guilty of the misconduct because he used profanity.

On November 21, 2017, Administrative Assistance Kim Napier, who is not named as a defendant, was asked by plaintiff to view videotape from the prison areas where the incidents took place, to establish that Officer Crooms falsified the incident.

Plaintiff raises three causes of action. First, plaintiff claims that Officer Crooms' act of touching plaintiff's medicine bag and removing the herbs from it violated plaintiff's right to the First Amendment free exercise of his religion. Second, plaintiff that plaintiff Crooms' action of issuing a false ticket for insolence was done in retaliation for the grievance that plaintiff filed against him. Plaintiff in

4

his third claim alleges that Defendant Winters violated his right to due process by finding him guilty of the prison misconduct without hearing plaintiff's side of the story or viewing the videotape. Plaintiff alleges also that Defendant Smith likewise failed to view the videotape or follow procedure when denying plaintiff's appeal. Plaintiff seeks monetary damages.

## IV. Discussion

Count 3 in the Complaint pertains to the minor misconduct conviction and it is subject to dismissal. The Supreme Court has held that a disciplinary regulation does not implicate a liberty interest unless it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Sixth Circuit has repeatedly held that misconduct convictions that do not result in the loss of good time credits are not atypical and significant deprivations and therefore do not implicate due process. *See, e.g., McMillan v. Fielding,* 136 F. App'x. 818, 820 (6th Cir. 2005); *Ingram v. Jewell*, 94 F. App'x. 271, 273 (6th Cir. 2004); *Carter v. Tucker*, 69 F. App'x. 678, 680 (6th Cir. 2003); *Sotherland v. Myers*, 41 F. App'x. 752, 753 (6th Cir. 2002).

To the extent that plaintiff is challenging his actual misconduct conviction, he is not entitled to relief because there is no indication that plaintiff suffered a loss of good time credits as a result of his conviction.

Plaintiff does not allege or establish that he lost any good time credits as a result of what he acknowledges is a minor misconduct conviction, thus, he is not

entitled to relief on this claim. The complaint is thus dismissed against Defendants Winters and Smith.

Plaintiff's claims in Counts 1 and 2 are that Defendant Crooms violated his First Amendment right to freely exercise his religion by confiscating and removing his medicine bag and its contents (Count 1), and that Officer Crooms issued the prison misconduct ticket in retaliation for Plaintiff's having filed a grievance (Count 2). . Construed liberally, plaintiff's allegations in Count 1 suffice to state a First Amendment freedom of religion claim under 42 U.S.C. § 1983. Count 2 also states a claim for relief, because there is no indication that plaintiff did not lose good time credits as a result of the misconduct. See *Thomas v. Eby*, 481 F.3d 434, 439-440 (6th Cir. 2007).

Where a plaintiff is proceeding *in forma pauperis*, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshals Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Williams v. McLemore*, 10 F. App'x. 241, 243 (6th Cir. 2001); *Byrd v. Stone*, 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d). The Court will order the United States Marshals Office to direct service towards Defendant Officer Crooms.

## V. ORDER

**IT IS ORDERED THAT:**

The complaint is DISMISSED IN PART WITH PREJUDICE WITH RESPECT TO DEFENDANTS WINTERS AND SMITH FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

IT IS FURTHER ORDERED that the complaint be SERVED upon the remaining named defendant, Officer Crooms, by the United States Marshals Service, without prepayment of fees.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: April 25, 2018

### Certificate of Service

I hereby certify that this Order was electronically submitted on April 25, 2018, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager